### UNITED STATES v. DURLACHER.

#### (Circuit Court, S. D. New York.    October 1, 1894.)

CLERK OF CIRCUIT COURT—RIGHT TO HOLD OFFICE OF COMMISSIONER.

Section 2, under subdivision "Judicial," of the appropriation act of July 30, 1894, which provides that "no person who holds an office the salary or annual compensation attached to which amounts to the sum of $2,500, shall be appointed to or hold any other office to which compensation is attached," etc., applies only to offices to which a fixed annual compensation of at least $2,500 is attached, and does not prevent a clerk of the circuit court from holding the office of commissioner of such court.

This was a petition to test the question whether under section 2, subdivision "Judicial," of the appropriation act of 1894, the clerk of the circuit court for the southern district of New York could hold the office of commissioner of the circuit court in such district.

Abram J. Rose, for petitioner.

Wallace McFarlane, U. S. Dist. Atty.

LACOMBE, Circuit Judge.    The section presented for construction upon this motion is numbered 2, under the subdivision "Judicial" in the appropriation act approved July 31, 1894.    The clause whose meaning is in dispute is as follows:

"No person who holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars shall be appointed to or hold any other office to which compensation is attached unless specially heretofore or hereafter specially authorized thereto by law."

John A. Shields, before whom this proceeding is pending, has held the office of "commissioner of the circuit court" (section 627, Rev. St. U. S.) in this district for many years.    He has also, since May 1, 1888, been the clerk of this court.    That it is eminently desirable for lawyers, litigants, and all persons interested, including the local representatives of the administrative branches of the government, that the clerk of this circuit court should also be a commissioner thereof, is a self-evident proposition to any one who is familiar with the character, extent, and conditions of the business transacted here.    That prior to the passage of the act there was no legal objection to the same person holding both offices and receiving the fees earned by discharging the functions of both is settled by authority, U. S. v. McCandless, 147 U. S. 692, 13 Sup. Ct. 465.    To

neither office is a salary attached. The compensation received is by a separate fee for each separate official act. The only question here presented is, "Has this section of the appropriation act changed the law?" In my opinion, it has not. The phrase, "an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars," plainly imports a fixed compensation of at least that amount. The annual compensation must be determinate, and not merely matter of speculation. It will not do to say that because on one particular day the fees received amounted to $10 over and above all expenses, and because there are some 300 working days in the year, therefore the annual compensation for the current year is $3,000. Nor does the act contemplate a shifting compensation, which might at one time be $2,490 and at another $2,510, thus making the clerk competent to hold the office of commissioner on Monday, incompetent on Wednesday, and competent again the ensuing week. That there have been years when the compensation of the clerk aggregated more than $2,500, and that there may hereafter be such years, does not establish the fact that the compensation for the current year amounts to that sum. No one can know what is to be the annual compensation of the clerk for any given fiscal year until the year has closed, his accounts have been passed at Washington, and his personal compensation taxed and allowed by the attorney general. Day by day, as his functions are discharged, he collects the separate fees allowed for them by law. For all of these he renders an account to the government. From the fees thus received he retains the amount of "his necessary office expenses, including necessary clerk hire," transmitting vouchers for the same to be audited by the proper accounting officers of the treasury. Rev. St. U. S. § 839. Out of the surplus, and out of that only, is he to receive his personal compensation; and it is manifest that if for any reason the volume of business done decreases, the fees will, in like manner, decrease, and the surplus may be reduced to less than $2,500, or may disappear entirely. Moreover, even if the surplus be over $2,500, the statute does not insure it to him. Its phraseology is, "No clerk * * * of the circuit court shall be allowed by the attorney general * * * to retain of the fees and emoluments of his office * * * for his personal compensation * * * a sum exceeding $3,500 a year." Rev. St. U. S. § 839. This limits the power of the attorney general in one direction, but not in the other. He must not allow the clerk more than $3,500 a year; he may allow him less. Apparently it is within the power of that officer to reduce the salaries of all clerks of circuit courts to $2,000 at any time; a reduction which may be made at the beginning of a fiscal year, or during its course, or at its close. The "annual compensation" of a clerk of the circuit court is therefore unknown and unknowable until after the expiration of the year, the auditing of his accounts and allowance of his compensation by the attorney general. When, therefore, the question arises whether the incumbent of such office shall be appointed to or hold some other office, it is impossible to discover that he is dis-

qualified because he then "holds an office the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars."

It is further contended that the section of the appropriation act is prospective only, and does not affect persons in office when it was passed,—a proposition which finds support in People v. Green, 58 N. Y. 295; but that point need not be here discussed. Mr. Shields should proceed as commissioner in the case at bar.